IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. BOYCE,                    :        CIVIL NO. 1:CV-10-0460
          Plaintiff,               :
                                   :          (Chief Judge Kane)
          v.                       :
                                   :
DOMINICK DeROSE, et al.,           :
          Defendants               :

## MEMORANDUM

James R. Boyce ("Boyce") filed this civil rights action pursuant to 42 U.S.C. § 1983 on
March 2, 2010.  At the time, he was an inmate confined at the Dauphin County Prison,
Pennsylvania.  He has since been released from prison.  Named as Defendants in this action are
the following Dauphin County Prison employees: Dominick DeRose, Warden; Deputy Wardens
Carroll and Nichols; Correctional Officer Michael Foreman; Lieutenant Good; Dennis Stewart;
and Tom Toolan, Head Nurse.  In the complaint Plaintiff sets forth numerous challenges with
respect to his conditions of confinement at the Dauphin County Prison during the time period
from October 6, 2009 through June 11, 2010.  Presently pending before the Court are motions to
dismiss the complaint filed by Defendant Toolan (Doc. No. 16), and the remaining group of
Defendants (Doc. No. 27).  For the reasons that follow, Toolan's motion will be granted.  The
motion filed by the other Defendants will be granted in part and denied in part.

## I.       Background

Plaintiff alleges that while confined at the Dauphin County Prison from October 6, 2009
through June 11, 2010, he was subjected to inhumane conditions.  He states that he was refused
showers on October 7-9, 2009.  He was also refused phone calls.  He claims that he was refused
medical treatment on November 4, 2009, by Nurse Linda for his blood pressure.  He further

complains that he was refused one (1) hour of recreational time each Monday through Friday from November 4, 2009 through December 11, 2009.  On November 10, 2009, Foreman opened Boyce's legal mail out of his presence.  In addition, each time he was taken to medical Boyce states that he had to wear shackles and cuffs.  He states that Defendant Foreman was working the 2 p.m. to 10 p.m. shift.  Boyce further maintains that on January 5, 2010, Foreman put his legal mail back, and did not deliver it to him until 8:00 p.m. that evening.  He claims that his problems with Foreman were never properly addressed by the Deputy Wardens.

On December 4, 2009, Boyce alleges that he was denied commissary, and that "an answer was denied by Defendant Stewart."  (Doc. No. 1, Compl. at 2.)  He claims that he was also refused haircuts and shaves, and that mail from his girlfriend was held for three (3) days.  From January 12, 2010, through February 2, 2010, Boyce claims that he took his shower in cuffs and shackles each night between the hours of 11:30 p.m. and 1:30 a.m.  He also alleges that Foreman threw his food on the floor on November 15, 2009, and trashed his cell on December 28, 2009.  During the cell search Foreman dumped legal papers and personal pictures on the floor, and ripped his mattress.  He also called Boyce a "nigger."  (Id. at 3.)  On January 18, 2010, Correctional Officer Miller denied Boyce toilet paper, and the following day Counselor Jill threw Boyce's papers on the floor.  Neither Miller nor Jill are named as defendants in this action.

Boyce further asserts that he received threats of more write-ups if he filed grievances against Dauphin County Prison, and feared being "beat up" for fighting the system.  (Id.)  He claims that there was no heat on the cellblocks, and that some inmates had the swine flu.  He states that he was refused pens, and was never given enough food.  The food he did receive

2

tasted bad.   Boyce also alleges that he was denied law library and church.

On one occasion Boyce states that he was placed in a strip cell for four (4) days in retaliation for filing grievances.   One of the strip searches was conducted in front of a female officer.   He also complains about cell searches conducted by Foreman without cause on December 22, 23 and 26, 2009, in retaliation for his filing of grievances.   Boyce states he has filed numerous grievances about Foreman to the Warden and Deputy Wardens, but his grievances were always denied.   He claims he also spoke with Defendant Good about Foreman on January 12, 2010, but received the same response.   As a result of the foregoing, Boyce states he suffers from depression, loneliness, has thoughts of suicide and is confused.   He seeks compensatory and injunctive relief.[1]

## II.   Discussion

### A.   Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."   Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).   Although the court is generally limited in its review to the facts contained in the complaint, it "may also

---

[1] Any claim for injunctive relief is now moot.   It is well established that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to, or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief.   See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998).

consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see</u> <u>also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the...claim is and the grounds upon which it rests." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. <u>See</u> Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); <u>Ashcroft v. Iqbal</u>, ___U.S.___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(explaining that Rule 8 requires more than "an unadorned, the defendant-unlawfully-harmed-me accusation."); <u>Twombly</u>, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 234 (quoting <u>Twombly</u>, 550 U.S. at 556).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.**     **Defendant Toolan's Motion to Dismiss**

Toolan moves to dismiss the complaint against him on the basis that Boyce makes absolutely no allegations against him.  At most, Plaintiff alleges that he was "refused medical treatment on November 4, 2009, by staff nurse Linda medication - High blood pressure".  For the following reasons, the Court finds that Plaintiff fails to state a claim with respect to Toolan.

First, in applying the standards set forth above with respect to 12(b)(6) motions, it cannot be found that even assuming they are true, that the facts as alleged by Boyce raise a right to relief above the speculative level with respect to Toolan.  See Twombly, 550 U.S. at 555.  There are no facts contained in the complaint that permit this Court to infer the required elements of an inadequate medical care claim under the Eighth Amendment.  Toolan is not even referenced in the complaint.

Even if the Court were to liberally construe Boyce's claim that he was "refused medical treatment on November 4, 2009, by staff nurse Linda medication - High blood pressure" to be an Eighth Amendment medical claim somehow asserted against Toolan, the motion to dismiss must still be granted.  It is well-established that civil rights claims cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Thus, individual liability can only be imposed if the state actor played an "affirmative part" in the alleged misconduct.  Personal involvement may be shown by either allegations of personal direction of or actual knowledge and acquiescence in the deprivation. Id.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  Rode, 845 F.2d at 1208.

The Eighth Amendment "requires prison officials to provide basic medical treatment to

those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192,197 (3d Cir.1999)(citing

Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish a violation based on the Eighth

Amendment, "evidence must show (I) a serious medical need, and (ii) acts or omissions by

prison officials that indicate deliberate indifference to that need."  See Spruill v. Gillis, 372 F.3d

218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir.

2003).

A serious medical need is "one that has been diagnosed by a physician as requiring

treatment or one that is so obvious that a lay person would easily recognize the necessity for a

doctor's attention."  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d

Cir. 1987).  The "deliberate indifference" standard is a stringent standard of fault requiring proof

that a defendant disregarded a known or obvious consequence of his action.  Board of County

Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997).  The defendant must be

both aware of facts from which the inference could be drawn that a substantial harm exists, and

he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The test for

whether a prison official was deliberately indifferent is whether that defendant "acted or failed to

act despite his knowledge of a substantial risk of serious harm."  Id. at 841.  Only egregious acts

or omissions can violate this standard.  See White v. Napoleon, 897 F.2d 103, 108-10 9 (3d Cir.

1990).

A complaint that a physician or a medical department "has been negligent in diagnosing

or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment . . . ."  Estelle, 429 U.S. at 106.  "Allegations of medical malpractice are not

sufficient to establish a Constitutional violation."  Spruill, 372 F.3d at 235.  An inmate's

disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

Even assuming Boyce's contention that he was denied blood pressure medication on November 4, 2009, was set forth against Toolan, he fails to state a claim. At most, he alleges the denial of a single dose of medication on one occasion. Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). There are no allegations that doses were missed on other occasions, or that Plaintiff suffered any ill effects from the denial of his medication on this one occasion. See Ayala v. Terhune, 195 Fed. Appx. 87, 91, 2006 WL 2355153 (3d Cir. Aug. 15, 2006)(holding that "[s]poradic delays ( not exceeding four days at any one time) in providing prescription medication...do not amount to deliberate indifference.")

Further, to the extent Boyce seeks to impose liability upon Toolan solely in his capacity as Head Nurse at the Dauphin County Prison, he fares no better. Toolan must be alleged to have been personally involved in the alleged wrongs, and liability cannot be predicated solely on the basis of respondeat superior. The complaint is void of any personal involvement on the part of Toolan. There are no allegations of personal direction or actual personal knowledge and acquiescence on his part.

While the complaint is completely silent with respect to Toolan, Boyce files a brief in opposition to the motion to dismiss wherein he sets forth two (2) pages of specific inadequate

medical care allegations against Toolan.  These allegations include harassment, inadequate medical care, retaliation and cruel and unusual punishment.  None of the allegations have anything to do with the denial of blood pressure medication on November 4, 2010.  Rather, Plaintiff comes forth with claims now in an attempt to defeat the motion to dismiss.  However, because none of these allegations, or even the basis for any of such allegations, are set forth in the complaint, they will not be allowed to proceed.  Plaintiff is free to file a new action setting forth any such new claims.  The motion to dismiss will be granted.

### C.     Remaining Defendants' Motion to Dismiss

Defendants DeRose, Foreman, Stewart, Carroll, Nichols and Good also move to dismiss the complaint.  (Doc. No. 27.)  In doing so, they maintain that Boyce: (1) fails to set forth facts establishing cognizable Eighth/Fourteenth Amendment violations; (2) fails to allege the requisite personal involvement on the part of any of the Defendants in the violation of his constitutional rights; and (3) fails to state any claim with respect to Defendants DeRose, Carroll and Nichols.

In reviewing the complaint liberally, Boyce's claims appear to fall into the following categories: denial of First Amendment rights of access to the courts and religion; retaliation; and cruel and unusual living conditions in violation of the Eighth Amendment.  The Court will now address Defendants' motion.

### 1.     First Amendment

Boyce generally alleges that he was "denied law library and church."  He fails to provide any details with respect to when these incidents occurred or the duration thereof, who was responsible for the alleged unconstitutional conduct, and whether he suffered any injury as a result of the denials.  As such, he first fails to set forth the required personal involvement of any

named Defendants in the violation of his First Amendment rights.  Further, he fails to allege

facts establishing viable First Amendment claims.  For example, an inmate asserting a denial of

access to courts claim must satisfy the constitutional standing requirement by alleging an actual

injury.  See Lewis v. Casey, 518 U.S. 343, 349, 351-53 (1996).  To meet this requirement, a

plaintiff must show that the actions of the prison officials hindered the inmate's efforts to pursue

a non-frivolous lawsuit.  Id. at 354.  For these reasons, the claims in their present form are

subject to dismissal.  However, because Boyce may be able to allege sufficient facts and personal

involvement on the part of Defendants to state a viable First Amendment claim, he will be

afforded the opportunity to amend his complaint with respect to these allegations.

### 2. Retaliation

Boyce sets forth three (3) claims of retaliation.  He alleges that he was threatened with

more "write-ups" if he filed grievances, and that he was placed in a strip cell for several days for

filing grievances.  With respect to these claims he fails to allege which Defendant or Defendants

retaliated against him.  He further alleges that Defendant Foreman conducted retaliatory cell

searches on December 22, 23 and 26, 2009, for his filing of grievances.

In Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001), the Court of Appeals for the

Third Circuit set forth the elements of a prisoner's claim for retaliation.  "As a threshold matter,

a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged

retaliation was constitutionally protected."  Id. at 333.  In this case, Boyce contends he was

subjected to retaliation due to the filing of administrative grievances.  The filing of an

administrative grievance and lawsuit are constitutionally protected conduct.  See Mitchell v.

Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000).

While in its present form the retaliation claim set forth against Foreman survives the pending motion to dismiss, the other claims do not. They lack necessary details, including who engaged in the unconstitutional conduct and therefore are subject to dismissal. Boyce will be permitted to amend his complaint with respect to these other retaliation claims.

### 3.     Eighth Amendment

Finally, the Court examines Boyce's numerous claims of cruel and unusual conditions of confinement in violation of the Eighth Amendment. The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as the need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air. Helling v. McKinney, 509 U.S. 25, 32 (1993). However, the Eighth Amendment does not mandate that prisons be free of discomfort. Farmer v. Brennan, 511 U.S. 825, 833 (1994)(quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "No static test determines whether conditions of confinement are 'cruel and unusual.' These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society.'" Tillery v. Owens, 719 F. Supp. 1256, 1261 (W.D. Pa. 1989)(citing Rhodes, 452 U.S. at 346). Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. Rhodes, 452 U.S. at 348.

In order to establish an Eighth Amendment claim, an inmate must show that he has been deprived of "the minimal civilized measure of life's necessities." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997)(quoting Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)). This includes showing that the conditions of confinement pose "a substantial risk of serious harm" to

the inmate's health or safety.  <u>Farmer</u>, 511 U.S. at 834.  The duration of the exposure to the alleged unconstitutional conditions and the "totality of the circumstances" are important considerations in considering a claim of cruel and unusual treatment.  "Some conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise - for example, a low cell temperature at night combined with a failure to issue blankets."  <u>Wilson v. Seiter</u>, 501 U.S. 294, 304-05 (1991)(citations omitted.)

In addition to showing conditions that pose a significant risk of serous harm, the inmate must show that the person or persons responsible for the conditions of confinement acted with "a sufficiently culpable state of mind."  <u>Wilson</u>, 501 U.S. at 298.  The standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety.  <u>Farmer</u>, 511 U.S. at 837.   It is enough that an official acted or failed to act despite his knowledge of a substantial risk of harm.  <u>Id</u>. at 842.

In applying these principles to Boyce's complaint, it is first evident that he fails to allege personal involvement on the part of any moving Defendant with respect to most of the claims set forth.  With respect to some of his claims, he does allege personal involvement on the part of Defendant Foreman.  Regardless, many of the claims considered individually, or even in combination, fail to rise to the level of a violation of the Eighth Amendment.  For example, Boyce alleges that on a single occasion he did not receive his mail until 8 p.m., was denied commissary, had his mail opened outside his presence, was denied toilet paper, had his food

thrown on the floor, and had his cell trashed where papers and pictures were dumped on the floor. He further claims he was deprived showers and phone calls for two (2) days in October of 2009. However, even considered in combination, these conditions do not amount to conditions suggesting a deprivation of the minimal civilized measure of life's necessities posing a substantial risk of serious harm to Boyce's health or safety. See Griffin, 112 F.3d at 709. Boyce's allegations of the refusal of pens and being served "crappy" food do not change this result. Even if Boyce was denied pens, he was provided with pencils to write with, as evidenced by his filings in the instant action. Further, although Boyce may not have received the amount and types of food he desired, this does not rise to the level of a constitutional violation. Food served in prison must be nutritious, but it does not have to be delicious, or even particularly appetizing. See Gates v. Huibregtse, 69 Fed. App'x 326 (7th Cir. 2003).

The Court finds that Boyce may be capable of stating a claim with respect to other claims asserted in his complaint if provided with an opportunity to file an amended complaint setting forth sufficient details, and associating his claims with a specific Defendant. For example, he claims that the cellblock had no heat, that he was denied recreation from November 4, 2009 through December 11, 2009, that he was forced to take showers in cuffs and shackles, and that he was housed with inmates infected with the swine flu. Boyce fails to associate these claims with any particular Defendant or provide sufficient details with respect to his claims. Thus, as set forth in the standing complaint, he fails to state viable claims. However, the Court will provide him with an opportunity to submit an amended complaint in an attempt to cure the deficiencies with respect to these particular allegations.

### 4.    Response to Grievances

The only claims set forth against Defendants DeRose, Carroll, Nichols, Stewart and Good are that they failed to respond favorably to Boyce with respect to grievances he had filed concerning the incidents asserted in this complaint.  As a general rule inmates do not have a constitutional right to a prison grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998)).  While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

Further, participation in the after-the-fact review of a grievance is not enough to establish personal involvement.  See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988)(finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement).  Allegations that prison officials and administrators responded unfavorably to an inmate's later filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation.  See Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006).  As such, Boyce fails to state a claim with respect to Defendants DeRose, Carroll, Nichols, Stewart and Good, and they will be dismissed from this action.

Based on the foregoing, the Defendants' motion to dismiss will be granted in part and denied in part.  Boyce will be afforded the opportunity to submit an amended complaint in this action in an attempt to set forth viable claims regarding the denial of access to the courts and religion, retaliation, and the specific Eighth Amendment conditions claims outlined above (lack of heat and recreation, shower conditions and exposure to inmates infected with swine flue).

13

The amended complaint must comply with Federal Rule of Civil Procedure 8, and must set forth at least a modicum of factual specificity, identifying the Defendants and the particular conduct of the Defendants purported to have harmed him.  The "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The amended complaint must be strictly limited to those claims referenced above.  In submitting the amended complaint, Boyce is cautioned to include his surviving claim of retaliation against Defendant Foreman.  The failure to include this claim in the amended complaint will result in the forfeiture of the claim.  An appropriate order follows.

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES R. BOYCE,** | : | **CIVIL NO. 1:CV-10-0460** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DOMINICK DeROSE, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**AND NOW,** this 31ˢᵗ  day of March, 2011, in accordance with the attached

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Defendant Toolan's motion to dismiss (Doc. No. 16) is **granted**, and this Defendant is **dismissed from this action**.

2.    The motion to dismiss filed by the remaining Defendants (Doc. No. 27) is **granted in part and denied in part**.  The motion is granted with respect to all claims except the retaliation claim set forth against Defendant Foreman.  All claims set forth against Defendants DeRose, Carroll, Nichols, Stewart and Good are dismissed in their entirety, and said Defendants are **dismissed from this action.**

3.    Plaintiff will be afforded fourteen (14) days within which to file an amended complaint in this action in strict compliance with the attached Memorandum in an attempt to set forth claims with respect to the following claims: denial of access to the law library and church, retaliation, denial of heat and recreation, inhumane shower conditions, and the exposure to inmates infected with swine flu.  In submitting an amended complaint, Plaintiff is advised that he must also include his retaliation claim against Defendant Foreman that survived Defendants' motion to dismiss.

4.    If a proper amended complaint is not filed within the time period specified above, the Court will proceed solely on the retaliation claim set forth against Defendant Foreman in the original complaint.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania